**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Frank Alejandro, | No. CV-19-02744-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Gerald Thompson, et al., | |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Jesse Frank Alejandro's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Deborah M. Fine on July 13, 2018 (Doc. 16). Petitioner filed an Objection to the R&R (Doc. 21), and Respondents filed a Response (Doc. 22). For the following reasons, the Court now adopts the R&R over Petitioner's Objections.

**I.  Background**

Petitioner raises two grounds for relief in his federal habeas Petition. (Docs. 1, 2, 3). In the first, he claims his trial counsel provided ineffective assistance of counsel when he "failed to communicate a favorable plea offer" to the Petitioner. (Doc. 2 at 2). In the second, Petitioner claims his post-conviction relief ("PCR") counsel provided ineffective assistance of counsel by failing to assert that trial counsel was ineffective by failing to convey the plea offer. (*Id.* at 2, 5). In her R&R, Magistrate Judge Fine found that the Petition was time-barred by the statute of limitations in the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"). She also found that Petitioner had failed to show that he was entitled to statutory or equitable tolling of the statute of limitations, or that the untimeliness of the Petition was excusable because evidence could show he was actually innocent. (Doc. 16 at 12–15). She accordingly recommends that that the Petition be dismissed with prejudice and that a certificate of appealability be denied. (*Id.* at 15).

**II.     Standard of Review**

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

**III.    Discussion**

Nothing in Petitioner's Objection merits amendment or rejection of the R&R. The AEDPA applies to Petitioner's federal habeas Petition because it was filed after April 24, 1996. As is pertinent to Petitioner, under AEDPA, a state prisoner seeking federal habeas relief must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such

review." 28 U.S.C. § 2244(d)(1)(A). When a defendant is convicted pursuant to a guilty plea, as Petitioner was, the first "of right" PCR proceeding[1] is considered a form of "direct review" under the statute, and the conviction becomes "final" when the PCR of right proceeding concludes or the time for filing such expires. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Petitioner does not object to Judge Fine's findings that the superior court denied his *pro per* PCR petition on June 16, 2011, or that he failed to timely file a petition for review in the Arizona Court of Appeals within 30 days. (Doc. 16 at 10). *See also* Doc. 10-1 at 76-77, *Arizona v. Alejandro*, No. CR2008-111347-002 (Aug. 11, 2011) (summarily denying Petitioner's July 29, 2011 petition for review as untimely). Judge Fine thus correctly found that Petitioner's conviction became "final" for purposes of AEDPA on July 21, 2011, and that absent statutory tolling, his deadline to file a federal habeas petition was July 21, 2012. (Doc. 16 at 11).

Petitioner nonetheless argues that the date on which his conviction became final should be considered October 10, 2017, or when the Arizona Court of Appeals denied his second PCR action. Petitioner cites to *Jimenez v. Quarterman*, 555 U.S. 113 (2009) as support for this contention. But that case does not assist Petitioner. The *Jimenez* Court clarified that "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, *or the expiration of the time for seeking review of that appeal.*" *Id.* at 121. Petitioner also fails to note that the Sixth Amendment claims of ineffective assistance of counsel asserted in his second PCR action were precluded on the grounds that they could have been raised in his first PCR proceeding—a proceeding that concluded on July 21, 2011, when Petitioner failed to timely seek review. (Doc. 10-1 at 128). Filing a new petition for post-conviction relief does not reinitiate a limitations period that ends before the new petition is filed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

---

[1] Under Arizona Rule of Criminal Procedure 32.1 and 32.4, a defendant that is convicted pursuant to a plea agreement is entitled to an of-right PCR proceeding.

*See also Allen v. Siebert,* 552 U.S. 3, 7 (2007) (finding the petitioner "was not entitled to tolling of AEDPA's [one]-year statute of limitations" because his "petition for state [PCR] was rejected as untimely by the Alabama courts").

Ultimately, however, Petitioner's objection is meritless because even if the Court were to adopt October 10, 2017, as the date on which the limitation period started, his federal habeas Petition would still be untimely—Petitioner did not file his federal habeas Petition until March 29, 2019, nearly six months after it would have been due using Petitioner's proposed date. Accordingly, his remaining objections regarding statutory tolling are without merit and overruled.

Any remaining objections are vague, without merit, and thus overruled.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 16) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 3rd day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge